# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

NO. 5:10-CR-00010-FL-1
NO. 5:11-CV-00583-FL

| | |
|---|---|
| TRAVIS SYNTELL BARNES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This cause comes before the Court upon petitioner Travis Syntell Barnes's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). (DE-42). The government seeks to dismiss the motion to vacate. (DE-47). Barnes has responded to the government's motion to dismiss (DE-49) and, accordingly, the motion to vacate and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that Barnes's motion to vacate (DE-42) be DENIED and that the motion to dismiss (DE-47) be GRANTED.

## I. BACKGROUND

On May 4, 2010, Barnes pled guilty pursuant to a written plea agreement to count one of a nine-count indictment. (DE-26, DE-28). Count one of the indictment charged Barnes with conspiring to distribute and possess with the intent to distribute fifty grams or more of cocaine base (crack) and five hundred grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

1

In exchange for the guilty plea to count one, the government agreed to dismiss counts two through nine of the indictment. In the plea agreement, Barnes acknowledged that the total statutory maximum sentence for count one was life imprisonment, while the total statutory minimum sentence was ten years' imprisonment. Plea Agreement 4, DE-28. Barnes also agreed to, *inter alia*,

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement 1-2, DE-28. At the arraignment hearing held May 4, 2010, the presiding magistrate judge found that the plea was freely and voluntarily entered and accepted it on behalf of the Court. (DE-26).

In preparation for sentencing, the United States probation office submitted its presentence investigation report ("PSR") to the district court on October 22, 2010. (DE-33). The PSR indicated that Barnes qualified as a career offender under section 4B.1 of the Sentencing Guidelines due to his two prior convictions for felony possession with intent to sell and deliver cocaine. PSR 12, DE-33. The PSR therefore elevated Barnes's base offense level from 36 to 37. After a three-level reduction for acceptance of responsibility, the total offense level for Barnes was 34. On January 28, 2011, the district court granted the government's 5K motion for downward departure and sentenced Barnes to 131 months of imprisonment and five years of supervised release. (DE-40). Barnes did not appeal.

On October 24, 2011, Barnes filed the instant motion pursuant to 28 U.S.C. § 2255. His

sole contention is that in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he should not have received career offender enhancement because at the time of sentencing he did not have two predicate felony convictions. Accordingly, Barnes seeks re-sentencing without the career offender enhancement. The government asserts that Barnes's request for relief is barred by the waiver contained in his plea agreement and contends the motion to vacate should therefore be dismissed.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

### B. 28 U.S.C. § 2255

3

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

With these legal precepts in mind, the undersigned considers the instant motion to vacate.

### III.    ANALYSIS

Here, Barnes did not receive a sentence in excess of the statutory maximum authorized by law. Accordingly, his claim pursuant to 28 U.S.C. § 2255 is not cognizable.

Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law."[1] Barnes pled guilty to violating 21 U.S.C. § 841(a)(1). The statutory maximum sentence authorized by law was life imprisonment. Barnes received 131 months' imprisonment, a sentence well within the statutory maximum. He is therefore not entitled to relief pursuant to 28 U.S.C. § 2255. *See* United States v. Pregent, 190 F.3d 279, 284

---

1. Section 2255 also provides relief for sentences imposed in violation of the Constitution or laws of the United States, or where the sentencing court is without jurisdiction. There is no assertion here that the district court was without jurisdiction. And while Barnes states that his sentence was imposed in violation of the Constitution or laws of the United States, *see* Pt'r's Mem. Supp. Mot. Vacate 3, DE-42-1, he articulates no grounds to support this statement.

(4th Cir. 1999) (explaining that, because only sentences exceeding the statutory maximum can be challenged by § 2255 motion, § 2255 "does not usually apply to errors in the application of the Sentencing Guidelines").

The Fourth Circuit's decision in *Simmons* does not alter this outcome. *See, e.g.*, United States v. Powell, No. 11-6152, __ F.3d __, 2012 U.S. App. LEXIS 17485 (4th Cir. Aug. 20, 2012) (rejecting the petitioner's *Simmons*-based challenge to his sentence enhancement); Jones v. United States, Nos. 4:09-CR-81-BO, 4:12-CV-94-BO, 2012 U.S. Dist. LEXIS 136280, *2-5 (E.D.N.C. Sept. 24, 2012) (concluding that the petitioner's claim to relief pursuant to *Simmons* was not cognizable under 2255 because the petitioner did not receive a sentence in excess of the statutory maximum); Jordan v. United States, No. 3:12-cv-536-FDW, 2012 U.S. Dist. LEXIS 136678, *6-7 (W.D.N.C. Sept. 25, 2012) (rejecting the petitioner's claim that he was erroneously sentenced as a career offender under *Simmons* and concluding that, because the petitioner's term of 240 months was well within the statutory authorized maximum of life imprisonment, he was not entitled to relief pursuant to 2255); Owens v. United States, No. 3:12-cv-526, 2012 U.S. Dist. LEXIS 123416, *1-2 (W.D.N.C. Aug. 30, 2012) (summarily denying the 2255 petitioner's claim of receiving an erroneously enhanced minimum sentence because the "sentence is a lawful sentence within the unenhanced statutory maximum"). For this reason, the undersigned recommends that the motion to vacate be denied.

Alternatively, Barnes's claim to relief fails because he explicitly waived his right to challenge his sentence in a post-conviction proceeding. Such a waiver is valid if the defendant waives this right knowingly and voluntarily. *See* United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). Additionally, the issue being

5

appealed or raised in the collateral attack must be within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994).

Here, Barnes does not allege, nor is there evidence to indicate, that his plea was either unknowing or involuntary. Further, he has not presented either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Based upon the language in the waiver, only claims of ineffective assistance of counsel and certain claims of prosecutorial misconduct are outside of the scope of the waiver. Barnes's claim regarding his challenge pursuant to *Simmons* does not fall within these excepted claims and is within the scope of his waiver. Because Barnes waived his claim regarding sentence enhancement in his plea agreement, it is not reviewable in a post-conviction action. *See* Lemaster, 403 F.3d at 220. Accordingly, the undersigned recommends that the motion to vacate be denied.

**IV.** **CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that Barnes's motion to vacate (DE-42) be DENIED and that the motion to dismiss (DE-47) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on October 1, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE