IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-10-FL-1
No. 5:11-CV-583-FL

| | |
|---|---|
| TRAVIS SYNTELL BARNES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to vacate under 28 U.S.C. § 2255 (DE 42), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and the government's motion to dismiss (DE 47). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation (M&R) wherein it is recommended that the court grant the government's motion and dismiss petitioner's motion to vacate. (DE 52). Petitioner filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge, grants the government's motion and dismisses petitioner's motion.

## BACKGROUND

On May 4, 2010, petitioner pled guilty with a plea agreement, to one count of conspiracy to distribute and possess fifty grams or more of cocaine base and five hundred grams or more of cocaine. On January 28, 2011, petitioner was sentenced to a term of imprisonment of 131 months imprisonment, in accordance with petitioner's qualification as a career offender and the government's motion for downward departure. Petitioner did not appeal. On October 24, 2011, petitioner filed the instant motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255,

arguing that under <u>Simmons</u>, he should not have received the career offender enhancement. The government moves to dismiss on the basis that petitioner waived his right to bring a § 2255 petition in his plea agreement. The magistrate judge agreed, and petitioner objects on grounds that his <u>Simmons</u> claim falls outside the scope of his waiver in his plea agreement.

## DISCUSSION

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th Cir. 2005). Contrary to petitioner's argument regarding the scope of his waiver, the Fourth Circuit has recently confirmed that "claims regarding the application of <u>Simmons</u> fall within the scope of [a] valid appeal waiver." <u>United States v. Copeland</u>, 707 F.3d 522, 529-30 (4th Cir. 2013). Here, petitioner agreed to waive the right to challenge his conviction "except[] . . . upon grounds of ineffective assistance of counsel or prosecutorial misconduct." (DE 28). Petitioner does not allege, nor is there evidence to suggest, that his plea was either unknowing or involuntary. Accordingly, petitioner has waived his right to attack his conviction and sentence collaterally on the basis of <u>Simmons</u>, and his motion to vacate must be dismissed on this ground.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge (DE 52), GRANTS the government's motion to dismiss (DE 47), and DISMISSES petitioner's motion to vacate (DE 42). Finding no substantial issue for appeal concerning the denial of a constitutional right, <u>see</u> 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

SO ORDERED, this 3rd day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge