IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-10-FL-1
5:14-CV-583-FL

| | | |
|---|---|---|
| TRAVIS SYNTELL BARNES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal inmate, filed a motion to vacate pursuant to 28 U.S.C. § 2255 or in the alternative pursuant to 28 U.S.C. § 2241 or § 1651(A) (DE 66, 70). The court previously held the motion in abeyance pending the Fourth Circuit's final mandate in Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014). The Fourth Circuit subsequently vacated the panel decision in Whiteside, and now has entered an en banc decision in Whiteside v. United States, 2014 WL 7245453, __ F.3d __ (4th Cir. Dec. 19, 2014). Accordingly, the court hereby lifts the abeyance previously entered. In this posture, the court returns to its preliminary review under 28 U.S.C. § 2243, and Rule 4(b) of the Rules Governing Section 2255 Proceedings.

COURT'S DISCUSSION

A.   Second or Successive Motion

Petitioner previously filed a § 2255 motion on October 24, 2011, which the court dismissed by order entered April 3, 2013. Where petitioner again seeks relief from petitioner's original judgment of conviction in the present § 2255 motion and alternative § 1651A motion, the court must

treat the motion as a successive § 2255 application. See United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir.2003). A second or successive petition must be certified by the court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Winestock, 340 F.3d at 205. Accordingly, petitioner's § 2255 motion will be dismissed as successive.

B.  Section 2241 Motion

Petitioner seeks, in the alternative, to have the court consider his motion as one arising under § 2241. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, however, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. 115 F.3d at 1194, n. 5. Petitioner has not otherwise established prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (stating petitioner must demonstrate that subsequent to first § 2255 motion, "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal"). Thus, petitioner's alternative § 2241 motion must be dismissed.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claims presented on collateral

2

review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

CONCLUSION

Based on the foregoing, the court LIFTS the case from abeyance. Petitioner's motion (DE 66, 70) is DISMISSED as a second or successive motion to vacate. Petitioner's alternative § 2241 motion (DE 66, 70) is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this the 2nd day of February, 2015.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge

3